UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMIE ANN STUMPFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:16cv393 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. §1383. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for SSI must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since May 28, 2013, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease and obesity (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.929).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except she can never climb ladders, ropes and scaffolds, can only occasionally balance, stoop, kneel, crouch and crawl, and must avoid even moderate exposure to hazards such as unprotected heights and unguarded machinery.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on August 19, 1977, and was 35 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (GED) and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (2 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 28, 2013, the date the application was filed (20 CFR 416.920(g)).

(Tr. 20- 28)

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on June 23, 2017. On September 1, 2017, the defendant

filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff filed her application for disability benefits on May 28, 2013, alleging disability beginning May 28, 2013. (Tr. 192-198). After a hearing, the ALJ found that Plaintiff did not meet the Social Security Act's criteria for disability. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, rendering it the Commissioner's final decision for purposes of judicial review.

As noted above, the ALJ found that Plaintiff had the following severe impairments:

lumbar degenerative disc disease and obesity. Plaintiff claims that she has the following additional impairments: epilepsy, hepatitis C infection, acquired hypothyroidism, cholelithiasis without obstruction, biliary colic, mood disorder, borderline personality disorder, post-traumatic stress disorder, borderline intellectual functioning, and various substance abuse problems in early remission.

In support of remand, Plaintiff claims that the ALJ erred in evaluating her back impairments under Listing 1.04(A), and did not account for the functional impact of her mental impairments. Plaintiff argues that the ALJ, at Step 3 of the sequential disability analysis, did not properly analyze her spinal impairments under Listing 1.04A . As the Commissioner points out, this argument lacks merit. Plaintiff confuses and conflates the criteria for Listings 1.04A and 1.04C. Plaintiff also ignores her burden of proof at Step 3 and disregards Seventh Circuit case law on evaluating the adequacy of an ALJ's decision.

In order to demonstrate that she was disabled because her impairment met or equaled Listing 1.04, Plaintiff must present medical findings "equal in severity to all the criteria" of the listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); *Filus v. Astrue*, 694 F.3d 863, 868 (7th Cir. 2012); *Maggard v. Apfel*, 167 F.3d 376, 379 (7th Cir. 1999). The claimant has "the burden of establishing that [she] met all of the requirements of a listed impairment." *Filus*, 694 F.3d at 868. See also 42 U.S.C.A. §§ 423(a)(1)(D), (d), 1382c(a)(3)(A); 20 C.F.R. §§ 416.925-416.926. "An impairment that manifests only some of the criteria, no matter how severe, does not qualify." *Zebley*, 493 U.S. at 531. Similarly, "almost" meeting or equaling the requirements of a listed impairment is not enough. *Id*.; *Dorton v. Heckler*, 789 F.2d 363, 367 n.3 (6th Cir. 1986). Thus, as long as the ALJ identifies at least one criterion that the claimant fails to

meet, any error regarding a different criterion is harmless and does not require remand. *See Henderson v. Astrue*, 383 F. App'x 700, 701 (10th Cir. 2010) (Gorsuch, J).

Plaintiff also contends that the allegedly perfunctory nature of the ALJ's step three argument requires reversal. This argument is futile because the ALJ's decision must be read as a whole, *Rice*, 384 F.3d at 370, and her analysis is not unreasoned simply because she did not tidily package it into a single paragraph. *Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678 (7th Cir. 2010). The Seventh Circuit recognizes that an ALJ's analysis in one section of her decision may properly be supported and supplemented by her discussion of the evidence and/or factual findings elsewhere in the decision, and that it is a "needless formality" to insist that the ALJ repeat similar factual analyses at each step of her decision. *Rice*, 384 F.3d at 370 & n.5; *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015) (same). *See also Henderson*, 383 F. App'x at 701 (even where an ALJ fails to make any specific step three findings, the court should affirm her decision where confirmed or unchallenged findings elsewhere in her decision preclude a finding that she qualifies for disability under the Listings). As the Seventh Circuit explained, "To require the ALJ to repeat such a discussion [of the evidence] throughout [her] decision would be redundant," and for that reason "[w]e do not discount it simply because it appears elsewhere in the decision." *Curvin*, 778 F.3d at 650. Thus, the ALJ's discussion of Plaintiff's spinal impairments in the context of discussing her residual functional capacity is properly imputed to her step three analysis. *See Igo v. Colvin*, 839 F.3d 724, 730 (8th Cir. 2016) (because ALJ discussed claimant's pain while discussing his RFC, the ALJ did not fail to consider whether the pain helped him equal a listing at step three).

Plaintiff argues that the ALJ erred in finding that the record did not reflect evidence of

6

nerve root compression, and that the ALJ should have cited one instance where an examination included a positive straight leg raising test. Nerve root compression and a positive straight leg raising test are among the criteria for Listing 1.04A. Plaintiff also contends that the ALJ erred in finding that the medical imaging did not reflect stenosis-related pseudoclaudication. Stenosis with pseudoclaudication is a criterion for Listing 1.04C. Even assuming, *arguendo*, that Plaintiff is correct, any such error does not require remand, because the ALJ's assessment of the evidence shows that Plaintiff did not meet other mandatory criteria for either Listing 1.04A or 1.04C.

For example, to meet all the criteria for Listing 1.04A, a claimant must also demonstrate limited spinal range of motion, motor loss demonstrated by muscle weakness, and sensory or reflex loss. The ALJ acknowledged a few instances where Plaintiff displayed pain-restricted range of motion, but correctly noted that most of these instances occurred when Plaintiff had run out of her pain medication, or where a fall had temporarily exacerbated her chronic back problems (Tr. 25, citing Tr. 1326-28, 1430, 1454). Similarly, the ALJ noted that Plaintiff displayed limited lumbar range of motion during her consultative physical examination, but correctly observed that the examiner concluded that her exaggerated pain behavior, including attempted range of motion testing, was so disproportionate to the examination findings that it rendered any functional assessment impossible (Tr. 26, citing Tr. 1286-89). However, after reviewing all the evidence the ALJ reasonably concluded that Plaintiff displayed generally full range of motion in her back (Tr. 25, 27, citing Tr. 1302)(Plaintiff complained of decreased range of motion in her back; examination showed full range of motion); 1304-05 (same); 1338-39 (same); 1472-73 (same); *see also* Tr. 371-72, 1131, 1312, 1319, 1323, 1326, 1330, 1334; 1341-42, 1349-50, 1362, 1444). Similarly, the ALJ observed that Plaintiff generally retained intact sensation and reflexes, without

7

muscle weakness (Tr. 25, 26, 27, citing Tr. 1286, 1314, 1470, 1492, 1505; see also Tr. 499, 1237, 1302, 1305, 1312, 1319, 1323, 1326, 1330, 1334, 1339, 1342, 1350, 1359,1430, 1427, 1444, 1450-52, 1473, 1475). That the ALJ made this analysis in the context of determining that Plaintiff retained the residual functional capacity to perform a reduced range of light work is irrelevant. The analysis clearly shows that the ALJ considered the evidence and reached the correct conclusion that Plaintiff did not meet all the criteria for Listing 1.04A. *Curvin*, 778 F.3d at 650.

Similarly, a mandatory criterion for Listing 1.04C is an inability to ambulate effectively, "defined generally as having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device that limits the functioning of both upper extremities." Listing 1.04C, referencing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B2b. In the present case, the ALJ noted a few instances where Plaintiff walked with a limp, but her gait was generally normal. (Tr. 25, citing Tr.1286, 1203, 1305, 1311; *see also* Tr. 499, 524, 547, 562, 681, 826, 963, 1036, 1120, 1131, 1330, 1334, 1339, 1342, 1350, 1452). The ALJ reasonably concluded that Plaintiff retained the ability to perform the walking and standing requirements of light work—a finding that Plaintiff has not challenged (Tr. 23, 27). In fact, Plaintiff has not filed a reply brief addressing any of the Commissioner's arguments and apparently concedes the same.

In *Fisher-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005), the court looked to the ALJ's residual functional capacity determination to supplement a perfunctory step three analysis of Listing 1.04. Noting that the criteria for Listing 1.04A included limited range of motion and motor loss with muscle weakness, and that Listing 1.04C included the inability to ambulate effectively, the court ruled that "the ALJ's RFC findings—particularly the finding Claimant retains the primary postural capacities, i.e., sitting, standing, walking, for sedentary, light, and

even medium work, as well as the ability to lift at the light RFC level and to stoop, crawl, crouch and kneel occasionally—conclusively negates the possibility of any finding that Claimant is presumptively disabled under the pertinent listing." *Id.* at 735. The holding of *Fisher-Ross* applies to this case. The ALJ's assessment of Plaintiff's range of motion, reflexes and sensation, muscle weakness, and ability to walk, resulting in her unchallenged determination that Plaintiff retained the residual functional capacity to perform a reduced range of light work, properly supplements her step three analysis, and conclusively negate any finding that Plaintiff is presumptively disabled under Listing 1.04. *Curvin*, 778 F.3d at 650; *Fisher-Ross*, 431 F.3d at 735.

Plaintiff's only other argument is that the ALJ did not incorporate appropriate limits for her mental impairments into her hypothetical question to the vocational expert and her residual functional capacity assessment.. Plaintiff also makes a one-sentence assertion that her symptoms would preclude work. However, Plaintiff has not provided any argument or evidence supporting this assertion.

Additionally, Plaintiff ignores the rationale the ALJ actually provided. Contrary to Plaintiff's argument, the ALJ explicitly stated that she considered the combined impact of Plaintiff's mental impairments, and concluded that even in combination, they caused no more than minimal limitations in Plaintiff's ability to perform work-related activities (Tr. 21). The fact that an ALJ discusses individual elements of the record and canvasses a claimant's impairments individually does not mean that she has not considered the impairments in combination, particularly where the ALJ states that she has considered the entire record, refers to the plaintiff's impairments in the plural, and expressly recognizes that she must consider the plaintiff's impairments in combination. *Nelson v. Brown*, 855 F.3d 503, 508 (7th Cir. 1988); *Gooch v.*

*Secretary of Health & Human Services*, 833 F.2d 589, 591-92 (6th Cir. 1987).

In determining Plaintiff's mental residual functional capacity, the ALJ gave great weight to the opinion of Dr. Gange, the state agency medical consultant, who concluded that the Plaintiff's mild functional limitations reflected adequate comprehension and memory, and an ability to get along with others (Tr. 22, citing Tr. 74). The ALJ acknowledged that Dr. Gange gave her opinion in January 2014, but noted that the evidence added to the record after January 2014 did not indicate that Plaintiff's mental functioning had deteriorated since that time (Tr. 22). The ALJ also noted that Dr. Miller, the consultative psychological examiner, concluded that despite her combined impairments, Plaintiff retained adequate concentration, good memory, would have slight difficulty with social interaction, and had an average tolerance for frustration (Tr. 21, 26, citing Tr. 1282). The ALJ further explained that she gave little weight to the GAF score of 57 that Dr. Miller assigned to Plaintiff, because it did not reflect the actual functional effect of her mental impairments (Tr. 22). The ALJ's conclusion is fully consistent with Seventh Circuit case law on GAF scores. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (citations and internal quotations omitted) ("GAF scores . . . are measures of both severity of symptoms and functional level. Because the final GAF rating always reflects the worse of the two, the score does not reflect the clinician's opinion of functional capacity. Accordingly, nowhere do the Social Security regulations or case law require an ALJ to determine the extent of an individual's disability based entirely on his GAF score").

The ALJ acknowledged that the medical records showed that Plaintiff complained of visual hallucinations while she was in prison, and that Plaintiff testified that she still had such symptoms (Tr. 22, 24). However, the ALJ also noted that Dr. Miller concluded that Plaintiff's

symptoms were a ploy to obtain a better work arrangement while she was in prison (Tr. 21, citing Tr. 1280). The ALJ also concluded that there was no evidence, including Plaintiff's prison records and the results of Dr. Miller's examination, suggesting that these purported symptoms had an impact on Plaintiff's mental functioning, including her ability to concentrate and persist (Tr. 21-22, citing Tr. 929, 1120, 1282, 1286). The ALJ acknowledged that Plaintiff's lack of insurance may have kept her from seeking mental health treatment, but also noted that the doctors she did see did not observe abnormal mental behaviors—except for Dr. Onamusi, the consultative physical examiner who observed exaggerated pain behavior (Tr. 26; see Tr. 170, 507, 562, 1237, 1437, 1445, 1454, 1475).

Plaintiff makes an odd claim that the ALJ implicitly found that she could perform highly skilled work. However, the ALJ actually found that Plaintiff was vocationally limited to unskilled work, and all the jobs that the vocational expert identified were unskilled (Tr. 27, citing Tr. 54-56). Plaintiff's claim that the ALJ should have found her disabled by borderline intellectual functioning is similarly unavailing. Plaintiff's prison records reflect a diagnosis of borderline intellectual functioning, but do not include any supporting intelligence testing or other acceptable diagnostic techniques. A mere diagnosis, such as depression or intellectual disability, is insufficient to establish the existence of a medically determinable impairment. *See* Social Security Administration, Revisions to Rules Regarding the Evaluation of Medical Evidence, 81 FR 62559, 62567 (Sept. 9, 2016); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(D)(6)(b) ("standardized intelligence test results are essential to the adjudication of all cases of intellectual disability"). No other medical practitioner has ever repeated the diagnosis of borderline intellectual functioning. Dr. Miller noted it by history, but did not find that his own examination

supported it. Moreover, even though Plaintiff's prison records predated the alleged onset of disability, the ALJ looked at those records and concluded that Plaintiff retained a high level of functioning, including good concentration, despite the symptoms she reported (Tr. 21-22).

Plaintiff has not challenged either the weight the ALJ gave to the medical source opinions or the ALJ's conclusion that Plaintiff's statements about her symptoms were not credible. The ALJ reasonably relied on Dr. Gange's uncontradicted opinion, as well as Dr. Miller's conclusion that Plaintiff had adequate concentration and no significant barriers to social interaction. The ALJ appropriately bolstered that analysis with her own assessment of the relevant medical evidence. The ALJ's analysis was not patently wrong and, therefore, is supported by substantial evidence.. *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015). Thus, the ALJ's decision must be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: October 27, 2017.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court